USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27.2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
RICHARD PAYNE,

    Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC,

    Defendants.
------------------------------------------------------- X

Case No. 7:23-cv-03126

**STIPULATED PROTECTIVE ORDER**

Plaintiff Richard Payne ("Plaintiff") and Defendant Equifax Information Services, LLC ("Equifax") have stipulated to the terms of this Stipulated Protective Order; accordingly, it is ORDERED:

**1**     **Definitions.** As used in this protective order:

    (a)     "attorney" means an attorney who has appeared in this action or is an employee of firm that is actively assisting an attorney of record in the matter;

    (b)     "confidential" means a document reasonably designated as confidential under this protective order;

    (c)     "destroy" means to shred or delete information received (nothing about the term destroy shall prevent a lawyer from complying with professional and ethical rules requiring the preservation of a client's file);

    (d)     "document" means information disclosed or produced in discovery, including at a deposition;

    (e)     "notice" or "notify" means written notice, including email;

1

(f) "party" means a party to this action; and

(g) "protected document" means a document protected by a privilege or the work-product doctrine.

**2** **Designating a Document or Deposition as Confidential.**

(a) In making a confidentiality designation, the designating party represents that it has a good-faith basis for contending that the document is "confidential," as defined by this order.

(b) No party shall designate any document or portion of any document as confidential that he/she has not carefully reviewed and determined to meet the definition of "confidential," as defined herein;

(c) A party or non-party disclosing or producing a document may designate it as confidential if the party or non-party reasonably contends that it contains confidential or proprietary information.

(d) A party or non-party may designate a document as confidential by conspicuously marking each page with the word "confidential." Deposition testimony may be designated as confidential after the deposition by notifying the parties and those who were present at the deposition within 21 days after the deposition transcript becomes available, unless otherwise agreed.

(e) If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

310001643v.1

**3**     **Highly Confidential – Attorney's Eyes Only:**

(a)     If a party or non-party producing documents in this action believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the producing Party if particular documents it designates as "Confidential" are disclosed, the producing Party may designate those particular documents as "Confidential - Attorney's Eyes Only." Information and documents so designated are to be stamped "CONFIDENTIAL - ATTORNEY'S EYES ONLY." The "Confidential - Attorneys' Eyes Only" designation shall be reserved for such information that, in the good faith judgment of the Party making the designation, would be highly detrimental if disclosed to a business competitor.

(b)     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential - Attorneys' Eyes Only" or pursuant to a court order, any document, transcript, or pleading given "Confidential - Attorneys' Eyes Only" treatment hereunder, and any information contained in or derived from any such materials (including, but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential - Attorneys' Eyes Only" hereunder) may not be disclosed to any person other than: (a) a Party's outside counsel of record in this action and co-counsel of record, if any, as well as employees of said counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) experts specifically consulted in their capacity as consultants or expert witnesses in connection with this litigation, (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary

for this litigation; (e) the author of the document or the original source of the information (including current or former employees and agents of the author of documents, to the extent reasonably necessary for prosecution or defense of the claims); and (f) any fact witnesses, other than any current or former employees, agents or affiliates of any credit clinic or credit repair organization, properly identified in Plaintiff's initial disclosures.

(c)     Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential - Attorney's Eyes Only," or pursuant to prior order after notice, no materials designated "Confidential - Attorney's Eyes Only" shall be disclosed to any former employees, agents or affiliates of any credit clinic or credit repair organization.

(d)     Unless otherwise specified herein, all provisions of this Order discussing or referencing "Confidential Information" shall apply equally to materials designated "Confidential - Attorney's Eyes Only."

**4**     **Who May Receive a Confidential Document.**

(a)     All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "confidential" hereunder), shall not be used, directly or indirectly, by any person or party for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

(b)     No person receiving a confidential document may reveal it, except to:

(1) a party to this action, if an individual;

(2) the court and its staff;

(3) an attorney or an attorney's partner, associate, or staff;

(4) a person shown on the face of the confidential document to have authored or received it;

(5) a court reporter or videographer retained in connection with this action;

(6) any juror or alternative juror;

(7) Experts retained in connection with this action who has received and signed the "Acknowledgement of Understanding and Agreement to be Bound" (Exhibit A);

(8) Any witness in this action who has received and signed the "Acknowledgement of Understanding and Agreement to be Bound" (Exhibit A);

(9) Professional jury, trial consultants, mock jurors, and professional vendors who have received and signed the "Acknowledgement of Understanding and Agreement to be Bound" (Exhibit A); and

(10) any person other than the parties listed above who is retained to assist a party or attorney with this action, who has received and signed the "Acknowledgement of Understanding and Agreement to be Bound" (Exhibit A).

(c) If a confidential document is revealed to someone not entitled to receive it, the parties must make reasonable efforts to retrieve it.

310001643v.1

**5**     **Correcting an Error in Designation.** A party or non-party who discloses or produces a confidential document not designated as confidential may, within 7 days after discovering the error, provide notice of the error and produce a copy of the document designated as confidential.

**6**     **Use of a Confidential Document in Court.**

(a)     Filing. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal. The parties shall comply with the Court's local rule governing filing under seal. This protective order, however, does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with the Court's local and/or individual rule governing the filing of sealed documents.

**7**     **Changing a Confidential Document's Designation.**

(a)     Document disclosed or produced by a party. A confidential document disclosed or produced by a party remains confidential unless the parties agree to change its designation or the court orders otherwise.

(b)     Document produced by a non-party. A confidential document produced by a non-party remains confidential unless the non-party agrees to change its designation or the court orders otherwise after providing an opportunity for the non-party to be heard.

(c)     Changing a designation by court order. If a party challenges the confidentiality designation of a document, the parties shall meet and confer concerning that issue

        within 10 days from the date the challenge is made. If the parties cannot agree after they meet and confer, the challenging party may file a motion with the Court. That motion shall be filed no later than 21 (twenty-one) days after the parties meet and confer as discussed earlier in this paragraph. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

(d)    If the motion affects a document produced by a non-party then, with respect to the motion, that non-party is entitled to the same notice and opportunity to be heard as a party. The party or non-party who designated a document as confidential that is the subject of such a motion must show that the designation satisfies Fed. R. Civ. P. 26(c).

**8**    **Handling a Confidential Document after Termination of Litigation.**

(a)    Within 60 days after the termination of this action (including any appeals), each party must return all confidential documents to the producing party or destroy all confidential documents.

(b)    Notwithstanding paragraph 7(a), each attorney may retain a copy of any confidential document submitted to the court and each attorney may retain records as required by the professional rules of conduct for lawyers.

**9**    **Inadvertent Disclosure or Production to a Party of a Protected Document.**

(a)    Notice.

(1)    A party or non-party who discovers that it has inadvertently disclosed or produced a protected document must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection

        is not waived.

    (2)    A party who discovers that it may have received an inadvertently disclosed or produced document subject to the protection contemplated herein must promptly notify the disclosing or producing party or non-party.

(b)    Handling of Protected Document. A party who is notified or discovers that it may have received a protected document must comply with Fed. R. Civ. P. 26(b)(5)(B).

**10**    **Security Precautions and Data Breaches.**

(a)    Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

(b)    A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

**11**    **Survival of Obligations.** The obligations imposed by this protective order survive the termination of this action.

**IT IS SO ORDERED.**

Dated: _____March 27_____, 2024.

SO ORDERED:

/s/ Nelson S. Roman

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**STIPULATED AND AGREED TO BY:**


/s/ Yitzchak Zelman (with permission)
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue
Suite 300
Asbury Park, NJ 07712
(732) 695-3282
Email: yzelman@marcuszelman.com



/s/ Adam T. Hill
Adam T. Hill
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, IL  60606-6448
Tel:  (312) 460-5954
Fax: (312) 460-7961
ahill@seyfarth.com

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------ X: | |
| RICHARD PAYNE, : | Case No. 7:23-cv-03126 |
| : | |
| Plaintiff, : | |
| : | |
| -against- : | |
| : | |
| EXPERIAN INFORMATION SOLUTIONS, : | |
| INC. and EQUIFAX INFORMATION : | |
| SERVICES, LLC, : | |
| : | |
| Defendants. : | |
| X | |

## ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT
## TO BE BOUND

I have read, and agree to be bound by, the protective order in the case captioned *Richard Payne v. Equifax Information Services, LLC, et al.*, Case No. 7:23-cv-03126 in the United States District Court for the Southern District of New York. As soon as my work in connection with that action has ended, but not later than 30 days after the termination of that action (including any appeals), I will return or destroy any confidential document that I received, any copy of or excerpt from a confidential document, and any notes or other document that contains information from a confidential document. I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          _____
                                        Signature


                                        _____
                                        Printed Name

10